IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA C. ROBINSON | § | PLAINTIFF |
| | § | |
| V. | § | CAUSE NO. 1:10CV260-LG-RHW |
| | § | |
| ALEXANDER DOTT, JR., KYLA | § | |
| GUTIERREZ, and MS TRAINED & | § | |
| READY/PAXEN GROUP, INC. | § | DEFENDANTS |

### ORDER ADOPTING IN PART AND MODIFYING IN PART PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This cause comes before the Court on the Proposed Findings of Fact and Recommendations [15] of the United States Magistrate Judge Robert H. Walker, entered in this cause on January 14, 2011, in which he recommends dismissing *pro se* Plaintiff Barbara C. Robinson's case for failure to prosecute. She did not timely object.

### DISCUSSION

Robinson filed this discrimination action on June 10, 2010, against Defendants Alexander Dott, Jr., and Kyla Gutierrez. The Complaint was accompanied by motions to proceed *in forma pauperis* and to appoint counsel. On July 1, she was granted leave to proceed *in forma pauperis* but denied appointment of counsel. Because the 120 day period under Rule 4(m) is tolled pending consideration of *in forma pauperis* and appointment of counsel, she therefore had until October 29 to serve Dott and Gutierrez. *Lowery v. Carrier Corp.*, 953 F. Supp. 151, 156 (E.D. Tex. 1997). Magistrate Judge Walker gave her an extension until December 13 in which to serve them. Robinson never had process issued for them. Rather, she twice moved for reconsideration and

then moved for review of the order denying counsel, which were denied.

On October 8[1], she amended her Complaint to add her former employer Mississippi Trained and Ready/Paxen Group, Inc., as a defendant. She had until February 7, 2011, to serve Paxen, because the 120-day period under Rule 4(m) did not start to run against Paxen until the Amended Complaint was filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004); *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990); *Johnson v. United States*, 152 F.R.D. 87, 88 (E.D.La. 1993); *Gear, Inc., v. L.A. Gear Cal., Inc.*, 637 F. Supp. 1323, 1326 (S.D.N.Y. 1986). It is not clear whether the Magistrate Judge held the deadline to serve Paxen was also December 13. To the extent that he may have, the Recommendation is hereby modified.

Magistrate Judge Walker first issued a Show Cause Order [14] on December 15, 2010, requiring Robinson to show why her case should not be dismissed for failure to have process issued and served. She did not respond. One month later, he then recommended dismissing her Complaint for failure to serve process. She again failed to object or have process issued. The Court nevertheless granted her until February 22, 2011, to both serve process on all Defendants and to file proofs of service of process. The Court warned her that failure to do so may result in dismissal of her lawsuit. That Order was entered on February 1.

On February 3, Robinson finally responded to the Proposed Findings and

---

[1]She filed the Amended Complaint on October 4, but did not receive permission to file it until October 8.

Recommendations. The response crossed in the mail with this Court's Order of extension. She stated only that she "may object or appeal" to the Recommendation once she received further relief from Magistrate Judge Walker, including a "Layman's terms" copy of the Recommendation "with quotations of any cited case" and an order of discovery from Paxen, still unserved with process, as to Dott and Gutierrez's addresses. (Obj. at 2). Further, Robinson claimed, "Summonses were not served because charges and relief were incomplete. Also I could not obtain the address for the defendant, Ms. Kyla Gutierrez. The address that I have of the other defendant [sic] may or may not be current." *Id*. First, her objections were untimely. Second, her objections were moot given the Court's Order granting her an extension of time to serve. To date, she still has not had summonses issued for any defendant, including the ones for which she claims to know the addresses. She has not moved for any more time to serve process.

The Court finds that the Magistrate Judge properly recommended that the case be dismissed without prejudice for failure to serve process and otherwise prosecute. After referral of hearing by this Court, having reviewed the Proposed Findings of Fact and Recommendations and the record in this case, and being duly advised in the premises, finds that said Proposed Findings of Fact and Recommendations should be adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendations [15] of United States Magistrate Judge Robert H. Walker, entered on January 14, 2011, be, and the same is hereby adopted in part

3

and modified in part as the findings of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that this case is dismissed without prejudice. A separate judgment will be entered herein in accordance with this Order as required by Fed. R. Civ. P. 58.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE